UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:14-cr-00176-JAD-VCF-1 |
| Respondent/Plaintiff | |
| v. | **Order Staying Case** |
| Johnny Lee Bass, | |
| Petitioner/Defendant | |

On April 19, 2016, petitioner Johnny Lee Bass filed a motion to vacate his 188-month sentence for Hobbs Act robbery and federal bank robbery, arguing that his sentence was illegally enhanced under the sentencing guidelines' career offender provision in light of the United States Supreme Court's decision in *Johnson v. United States*,[1] in which the Court held that the ACCA's similarly worded residual clause is unconstitutionally vague.[2] Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court directs me to promptly examine § 2255 motions and, unless it plainly appears that the movant is not entitled to relief, direct the government to file a response. On May 16, 2016, I directed the government to respond to Bass's petition.[3] The government has filed its response and Bass has filed a reply.[4]

In June 2016, the United States Supreme Court granted certiorari in *Beckles v. United States*, Case Number 15-8544, to decide, in relevant part, whether *Johnson* requires invalidation of USSG § 4B1.2(a)(2)'s residual clause and, if so, whether this applies retroactively to collateral-review cases challenging sentences enhanced under that provision. On November 28, 2016, the Court heard oral argument in *Beckles* and the case was submitted for review. Because *Beckles* is under submission

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[2] ECF No. 40.

[3] ECF No. 41.

[4] ECF Nos. 41, 42.

and potentially dispositive of petitioner's motion to vacate, I stay all proceedings in this case pending the Supreme Court's decision in *Beckles*.

**Discussion**

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[5] When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[6] On balance, I find that these factors favor a stay here.

Petitioner's motion hinges on *Johnson*'s retroactive application to the residual clause of § 4B1.2(a)(2). The *Beckles* decision is thus almost certain to determine whether petitioner has a cognizable claim under § 2255. I have no less than ten cases in which defendants have filed § 2255 motions seeking to challenge their § 4B1.2(a)(2)-enhanced sentences based on *Johnson*. Staying this case pending the Supreme Court's decision in *Beckles* will permit me to analyze the parties' and evidence in the context of complete and resolved precedent, and it will allow me to evaluate petitioner's claim in light of this imminently anticipated legal authority. A stay pending the decision in *Beckles* will thus simplify the proceedings and promote the efficient use of the parties' and the court's limited resources.

The only potential prejudice that may result from a stay is that both parties will have to wait longer for resolution of this case. But a delay would also result from the new briefing that would very likely be needed after the Supreme Court issues its decision in *Beckles*. So a stay pending the decision will not necessarily lengthen the life of this case, and any possible damage that a stay may cause is minimal. This is especially true because even if Bass's classification as a career offender is illegal, his guideline range of imprisonment would still be high: 100–125 months, of which it

---

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[6] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

appears he has served only 32 months.[7]  So even if Bass were eligible for resentencing, it would be extremely unlikely that staying this case until Beckles is decided would prolong his new release date.

The stay pending the decision will also not be indefinite.  The length of this stay is tied to the Supreme Court's issuance of its decision in *Beckles*, a case that has already been argued and submitted and will be decided this term.  Once the decision is issued, either party may move to lift the stay.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that this case is STAYED until the Supreme Court issues a decision in *Beckles v. United States*, Case Number 15-8544.  Once the decision issues, either party may move to lift the stay.  I will order supplemental briefing if necessary.

Dated this 4th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[7] ECF No. 40 at 3.